MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
IN SEON JEONG, CSBN: 291908
Special Assistant United States Attorney
    Social Security Administration
    160 Spear Street, Suite 800
    San Francisco, CA 94105-2545
    Telephone: 415-977-8984
    Facsimile: 415-744-0134
    Email: Inseon.Jeong@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| JAYE R. ANDERSEN,<br><br>    Plaintiff,<br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 2:15-CV-00873-AC<br><br>STIPULATION AND ~~PROPOSED~~ ORDER TO REOPEN AND DISMISS |

    The parties hereby stipulate, through their undersigned attorneys, and with the approval of the Court, that this case shall be reopened for the purpose of entering judgment for Plaintiff.

    On August 11, 2015, pursuant to the stipulation of the parties, this Court remanded the instant case to the Commissioner for a new hearing. The recording of the hearing held on August 6, 2013 was incomplete, which made meaningful review of the case impossible. On November 4, 2016, an administrative law judge (ALJ) issued an unfavorable decision in Plaintiff's case, finding Plaintiff not disabled. Plaintiff, however, has agreed to dismiss this action.

    Now that the administrative proceedings have concluded, reopening is necessary. In a sentence-six remand case, the Court retains jurisdiction following the remand. *See Melkonyan v.*

*Sullivan*, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases remanded under 42 U.S.C. § 405(g), sentence six, and where the final administrative decision is favorable to one party or the other, the Commissioner is to return to the court following completion of the administrative proceedings on remand so that the court may enter a final judgment or, as in this case, a dismissal); *see also Shalala v. Schaefer*, 509 U.S. 292, 298-300 (1993).

> [A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment, the Court said, is therefore always interlocutory and never a "final" judgment.

*Carrol v. Sullivan*, 802 F.Supp. 295, 300 (C.D.Cal. 1992) (*paraphrasing and quoting Melkonyan*).

It is therefore appropriate to reopen this case in order to resolve the Court's sentence-six jurisdiction. Upon reopening, the parties stipulate that the case shall be dismissed.

Respectfully submitted,

Dated: November 20, 2018
    */s/ Richard Whitaker*
    (As authorized via email on 11/20/2018)
    RICHARD WHITAKER
    Attorney for Plaintiff

Dated: November 20, 2018
    MCGREGOR W. SCOTT
    United States Attorney
    DEBORAH LEE STACHEL
    Regional Chief Counsel, Region IX
    Social Security Administration

By:   /s/ *In Seon Jeong*
    IN SEON JEONG
    Special Assistant U.S. Attorney
    Attorneys for Defendant

ORDER

Pursuant to stipulation, it is so ordered.

Dated: November 26, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE